```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF ARKANSAS
                      TEXARKANA DIVISION
```

SHAWNTAIN KING, on behalf of
KEVIN FLORENCE, a minor,
                                                    Plaintiff

v.                           Case No. 06-4001

LINDA MCMAHON[1],
Commissioner of the Social
Security Administration,                            Defendant

## MEMORANDUM OPINION

Shawntain King brought the underlying application for benefits on behalf of Plaintiff Kevin Florence ("Plaintiff"). Plaintiff seeks judicial review of the Commissioner's denial of his request for supplemental security income. Plaintiff has exhausted his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[2]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ")

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II.  Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion.  *See Warburton*, 188 F.3d at 1050.  In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *See id.*  The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result.  *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful

2

activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also*

*Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

When passing the law as it relates to children seeking SSI disability benefits, Congress decided that the sequential analysis should be limited to the first three steps. This is made clear in the House conference report on the law, prior to enactment. Concerning childhood SSI disability benefits, the report states:

> The conferees intend that only needy children with severe disabilities be eligible for SSI, and the Listing of Impairments and other current disability determination regulations as modified by these provisions properly reflect the severity of disability contemplated by the new statutory definition . . .. The conferees are also aware that SSA uses the term "severe" to often mean "other than minor" in an initial screening procedure for disability determination and in other places. The conferees, however, use the term "severe" in its common sense meaning. *See* 142 Cong. Rec. H8829-92, 8913 (1996 WL 428614), H.R. Conf. Rep. No. 104-725 (July 30, 1996).

Consequently, under this evaluation process, the analysis ends at step three with the determination of whether the child's impairments meet or equal any of the listed impairments. More specifically, a determination that a child is disabled requires the following three-step analysis. *See* 20 C.F.R. § 416.924(a). First, the ALJ must consider whether the child is engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). If the child is so engaged, he or she will not be awarded SSI benefits. *See id.* Second, the ALJ must consider whether the child has a severe

impairment. *See* 20 C.F.R. § 416.924(c). A severe impairment is an impairment that is more than a slight abnormality. *See id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *See* 20 C.F.R. § 416.924(c). Only if the impairment is severe and meets or is medically or functionally equal to a disability in the Listings, will it constitute a disability within the meaning of the Act. *See* 20 C.F.R. § 416.924(d). Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. *See* 20 C.F.R. § 416.926(a). To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. *See* 20 C.F.R. § 416.926a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). *See also, Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 722 n. 4 (8th Cir.2005).

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the

child's impairment is functionally equal to an impairment in the Listings. *See* 20 C.F.R. § 416.926a(d). A marked limitation is defined as an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(2). An extreme limitation is defined as "more than marked", and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. *See* 20 C.F.R. § 416.926a(e)(3).

### III. Analysis

Plaintiff alleges two errors by the ALJ. One, Plaintiff alleges that the ALJ erred in improperly assessing the Plaintiff's credibility and the credibility of Plaintiff's witnesses. Two, Plaintiff alleges there is not substantial evidence to support the ALJ's decision that Plaintiff is not disabled.

Although Plaintiff included the error of the ALJ in assessing the Plaintiff's credibility in his statement of issues, the Plaintiff did not brief this argument so the Court will consider that argument waived and will not address it here.

6

Plaintiff contends the substantial evidence of record does not support the ALJ's decision that the Plaintiff is not disabled. Plaintiff states the record s reflects Plaintiff has extreme limitations in the domain of functioning in concentration and in speech, or at least has marked limitations in the domain of functioning of concentration and speech-language delay. However, Plaintiff cites to no part of the record in support of his contentions. Indeed, there appears to be no indication in the medical record that Plaintiff has extreme limitations in any domain or two domains of "marked" limitations.

A review of the record shows that Dr. Otero examined Plaintiff at the request of the Social Security Administration. Dr. Otero noted that Plaintiff's IQ range was below the average range. However, Dr. Otero noted Plaintiff's cognitive skills in the areas of attention, memory, problem solving and social judgment were in the functional range and that his behavior was purposeful and showed a normal level of activity.

The ALJ found that Plaintiff had limitations in attending and completing tasks, but found these limitations did not rise to a marked or extreme limitation of function. Plaintiff was noted to have no limitation in concentration, persistence, and pace (Tr. 21, 189-91). The ALJ did find that Plaintiff had some limitation in interacting and relating with others, but this limitation was not extreme or marked. Plaintiff's language skills are delayed for his

7

age, but his articulation was within normal limits and his vocal quality and fluency of speech were age-appropriate.  Plaintiff did exhibit delayed receptive and expressive language skills and therapy was suggested to improve those skills.  Plaintiff could not communicate effectively at his March 29, 2004 examination (Tr. 190), and was noted to have weaknesses in communication and social-interpersonal skills.

School Questionnaires indicated Plaintiff had a language impairment, but no other impairments to his success in school and Plaintiff had no behavioral problems or trouble at school. Plaintiff does have a history of seizures, but only intermittent or routine follow-up care is required for his symptoms.  (Tr. 23).

The ALJ's determination is consistent with the evidence of the record as a whole.  There is no indication the Plaintiff has marked limitations in two domains of functioning or extreme limitations in any domain of functioning.  While the record shows Plaintiff has some language impairments and a seizure disorder, there is no indication these limitations are marked or extreme.

## IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is due to be **AFFIRMED.**

**IT IS SO ORDERED.**

DATE: February 15, 2007            */s/ Robert T. Dawson*
                                   ROBERT T. DAWSON
                                   UNITED STATES DISTRICT COURT JUDGE

DATE: February 15, 2007            */s/ Robert T. Dawson*
                                   ROBERT T. DAWSON